Palone Mehare DANIEL, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 03–73320.
Agency No. A77–957–694.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2004.*

Decided Oct. 25, 2004.

Tom Youngjohn, Federal Way, WA, for
Petitioner.

Regional Counsel, Laguna Niguel, CA,
Ronald E. LeFevre, Chief Legal Officer,
San Francisco, CA, WWS–District Coun-
sel, Seattle, WA, Virginia Lum, Anthony
W. Norwood, Esq., Washington, DC, for
Respondent.

Before KLEINFELD, TASHIMA and
GOULD, Circuit Judges.

## MEMORANDUM**

Palone Mehare Daniel, a native of Ethio-
pia and citizen of Eritrea, petitions for
review of the Board of Immigration Ap-
peals' ("BIA") decision affirming the Immi-
gration Judge's ("IJ") denial of his applica-
tion for asylum and withholding of removal
and for relief under the Convention
Against Torture ("CAT"). We have juris-
diction under 8 U.S.C. § 1252. We review
for substantial evidence and will reverse
the BIA's determination only if the peti-
tioner shows that the evidence compels
such a result. *INS v. Elias–Zacarias*, 502
U.S. 478, 481, 483–84, 112 S.Ct. 812, 117
L.Ed.2d 38 (1992). We deny the petition.

Substantial evidence supports the BIA's
decision that petitioner failed to establish a
well-founded fear of future persecution.
Even assuming petitioner testified credi-
bly, petitioner stated that the Eritrean
government never threatened him, that he
would not be harmed if he was returned to
Eritrea, and that he has no fear, concern,
or trepidation about being returned to Eri-
trea. Because petitioner has no fear of
returning to Eritrea, he failed to show a

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

well-founded fear of future persecution. *See Padash v. INS,* 358 F.3d 1161, 1166 (9th Cir.2004).

By failing to qualify for asylum, petitioner necessarily fails to satisfy the more stringent standard for withholding of removal. *See Singh v. INS,* 134 F.3d 962, 971 (9th Cir.1998).

Substantial evidence also supports the BIA's denial of relief under the CAT. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir. 2003).

Finally, we reject petitioner's request for voluntary departure to be reinstated for 60 days because the IJ did not grant petitioner voluntary departure.

PETITION DENIED.